IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARX FIT, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| OUTSTRIP EQUIPMENT, LLC; CRAZY TRAIN, LLC; ROUND TO FIT, LLC; RANDY RINDFLEISCH; and ARIEL HUSKINS; | § § § § § § | 1:18-CV-848-RP |
| Defendants. | § § | |

**ORDER**

Before the Court are several motions related to the second motion to dismiss filed by Defendants Outstrip Equipment, LLC ("Outstrip"), Round to Fit ("R2Fit"), and Ariel Huskins ("Huskins") (collectively, the "Huskins Defendants"). (Dkt. 37). Instead of responding to that motion, Plaintiff ARX Fit, LLC ("ARX") filed a motion to strike, (Dkt. 45); a motion to extend their deadline to respond, (Dkt. 43); and a motion for jurisdictional discovery, (Dkt. 44). The Court will grant all three of ARX's motions.

**I. MOTION TO STRIKE**

In their motion to dismiss, the Huskins Defendants argue both that venue is improper here and that this Court lacks personal jurisdiction over them. (*See* Dkt. 37). ARX seeks to strike only one of the arguments pertaining to venue from that motion—the Huskins Defendants' argument that venue is improper under 28 U.S.C. § 1400(b). (Mot. Strike, Dkt. 45, at 1). ARX's position is that the Huskins Defendants waived that argument by not raising it in their first motion to dismiss. (*Id.* at 3–7). The Huskins Defendants respond that it would be awkward and unfair if arguments in their second motion to dismiss could be deemed waived based on the content of their first motion to dismiss, which was mooted by ARX's amended complaint. (Resp. Mot. Strike, Dkt. 52, at 7). The

1

Huskins Defendants cite no authority for their position and instead contest the application of ARX's cited authority. (*Id.* at 3–7). The Court agrees with ARX that the Huskins Defendants waived their improper-venue defense based on Section 1400(b).

A party waives an improper-venue defense under Federal Rule of Civil Procedure 12(b)(3) by omitting it under the circumstances described in Rule 12(g). Fed. R. Civ. P. 12(h)(1)(A). Rule 12(g)(2) bars a party from raising a defense or objection in a Rule 12 motion if that defense or objection was available to the party but omitted from an earlier Rule 12 motion. Fed. R. Civ. P. 12(g)(2). There is no dispute that the Huskins Defendants omitted their Section 1400(b) defense from their first motion to dismiss. (*See* Dkt. 21, at 11–19 (arguing only that venue is improper under 28 U.S.C. § 1404(a))). There is also no dispute that their Section 1400(b) defense was available to them when their filed their first motion—Section 1400(b) provides venue rules for patent and copyright claims, and ARX's patent- and copyright-infringement claims appeared in its original complaint. (Orig. Compl., Dkt. 1, at 11–13). The only dispute is whether a defense that would otherwise be waived in a subsequent Rule 12 motion is preserved by the filing of an amended complaint that moots the prior Rule 12 motion. (*See* Resp. Mot. Strike, Dkt. 52, at 7).

While the Court is not aware of a Fifth Circuit opinion directly addressing this issue, district courts in this circuit have routinely rejected the Huskins Defendants' position. *See* S*toffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647–48 (W.D. Tex. 2006) (quoting 5C FED. PRAC. & PROC. CIV. § 1388 (3d ed.) ("[T]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."); *Law v. Sessions*, 4:16-CV-2799, 2017 WL 2405331, at *2 (S.D. Tex. June 2, 2017) (quoting 5C FED. PRAC. & PROC. CIV. § 1388 (3d ed.) (same); *Thompson v. Capstone Logistics, L.L.C.*, CV H-15-2464, 2016 WL 4570817, at *4 (S.D. Tex. Aug. 31, 2016) (quoting *Stoffels*, 430 F. Supp. 2d at 647–48) (same); *Cunningham v. Nationwide Sec. Sols., Inc.*, 3:17-CV-337-S-

BN, 2018 WL 4575005, at *8 (N.D. Tex. Aug. 31, 2018) (citing *Stoffels*, 430 F. Supp. 2d at 647–48) (concluding that the plaintiff's filing of a second amended complaint did "not afford [the defendant] the opportunity to contest venue when [it] should have done so previously"), *report and recommendation adopted*, 3:17-CV-337-S-BN, 2018 WL 4568803 (N.D. Tex. Sept. 24, 2018). Moreover, this application of Rule 12 is consistent with the rule's purpose of avoiding "piecemeal consideration of a case." *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993). And contrary to the Huskins Defendants' position, there is nothing unfair about this application of Rule 12—the Huskins Defendants could have protected themselves from waiver by raising their Section 1400(b) defense in their initial motion to dismiss. In fact, adopting the Huskins Defendants' position would unfairly penalize plaintiffs for amending a complaint by reviving waived defenses. The Court will strike that defense from the Huskins Defendants' second motion to dismiss, but it will consider the other arguments raised in that motion.

## II. MOTION FOR JURISDICTIONAL DISCOVERY

ARX asks the Court to stay briefing on the Huskins Defendants' second motion to dismiss and to permit "limited jurisdictional discovery." (Mot. Discovery, Dkt. 44, at 6). ARX argues that the Huskins Defendants' jurisdictional defense relies on certain factual premises that should be investigated and resolved. (Mot. Discovery, Dkt. 44, at 4). For example, the Huskins Defendants argue that an alleged Austin customer and promoter is "in no way related" to them, (2d Mot. Dismiss, Dkt. 37, at 15), and that Huskins' equipment lease with ARX was voided by ARX, (*id.* at 18).

As the party opposing dismissal and requesting discovery, ARX has the "burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citation omitted). ARX can meet its burden by making a "preliminary showing of discovery": it must allege facts that "suggest with reasonable particularity the possible existence of

the requisite contacts" between the Huskins Defendants and the forum state. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citation and quotation marks omitted). District courts have "broad discretion in all discovery matters," but should not permit jurisdictional discovery if "the lack of personal jurisdiction is clear [and] discovery would serve no purpose." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

ARX has met its burden. It alleges that Huskins formed Outstrip with Randy Rindfliesch, owner of a Texas company that holds the two patents at issue in this case. (Am. Compl., Dkt. 29, at 6). It alleges that Outstrip sold its first machine to an Austin, Texas resident, Alex Charfen, and asked Charfen to promote Outstrip products at Austin events and through his Austin business. (*Id.* at 7–8). It alleges that Outstrip sold a machine to an Austin resident who was, at the time, an ARX customer. (*Id.* at 8). Huskins leased ARX machines for use in her exercise business R2Fit. (*Id.* at 6). That lease, which is the subject of ARX's breach-of-contract claim, allegedly contains a forum selection clause providing for jurisdiction and venue in Texas. (*Id.* at 14). These allegations suggest with reasonable particularity the possible existence of minimum contacts[1] between the Huskins Defendants and Texas. ARX should therefore be permitted jurisdictional discovery.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that ARX's motion to strike, (Dkt. 45), motion to extend their deadline to respond, (Dkt. 43), and motion for jurisdictional discovery, (Dkt. 44), are each **GRANTED**. Specifically, it is ordered as follows:

- The Huskins Defendants' argument that venue is improper here under 28 U.S.C. § 1400(b) is **STRICKEN** from their second motion to dismiss, (Dkt. 37).

---

[1] Exercising personal jurisdiction over a nonresident defendant is compatible with due process when "(1) th[e] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir.2001)).

- The parties may conduct any discovery authorized by the Federal Rules of Civil Procedure until **May 31, 2019**, subject to the condition that such discovery shall be limited to the issue of determining the Court's specific personal jurisdiction over the Huskins Defendants.

- ARX's deadline to respond to the Huskins Defendants' second motion to dismiss is extended to and includes **June 14, 2019**. The Huskins Defendants' reply shall be due in accordance with this Court's local rules.

- In their briefing, the parties should indicate whether they seek resolution of the Huskins Defendants' motion to dismiss according to ARX's *prima facie* burden or whether they would like an evidentiary hearing. *See Walk Haydel*, 517 F.3d at 241–42.

**SIGNED** on March 19, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE