**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ARX FIT, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:18-CV-848-RP** |
| **OUTSTRIP EQUIPMENT, LLC;** | § | |
| **CRAZY TRAIN, LLC; ROUND TO** | § | |
| **FIT, LLC; RANDY RINDFLEISCH;** | § | |
| **and ARIES HUSKINS;** | § | |
| | § | |
| **Defendants.** | § | |

## NON-PARTY ALEX CHARFEN'S MOTIONS TO QUASH ARX FIT, LLC'S SUBPOENA TO TESTIFY AT A DEPOSITION AND MOTION FOR ATTORNEYS' FEES UNDER RULE 45, FRCP

Under Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), non-party Alex Charfen ("Charfen"), files this Motion to Quash ("Motion") the Subpoena of Plaintiff ARX Fit, LLC ("ARX") to Testify at a Deposition in a Civil Action ("Deposition Subpoena") and Motion for Attorneys' Fees.

## PRELIMINARY ADVISORY TO COURT AND COUNSEL

The undersigned counsel for Alex Charfen have been preparing this Motion over the course of this week. Immediately before this Motion was finalized for filing and service, ARX's counsel emailed the undersigned at 1:12 p.m. today with a copy of the Court's May 2, 2019 Order denying the Huskins Defendants' Motion to Quash the Third-Party Documents Subpoena issued to non-party Charfen. In that communication, ARX's counsel demands that documents that are the subject of ARX's Documents Subpoena to non-party Charfen be produced by May 9th and that a deposition of Mr. Charfen (which was unilaterally noticed by ARX's attorney for May 3rd) occur on May 13, 14, or 15th.

Non-Party Alex Charfen's Motion to Quash Deposition Subpoena                                                    1

The urgency of quashing the May 3rd deposition of non-party Charfen is, by virtue of opposing counsel's May 2nd afternoon email communication, now moot. Further, the undersigned acknowledges that the Huskins Defendants' Motion to Quash with regard to the documents requested of non-party Charfen has now been determined by the Court. The undersigned, however, emphasizes that Charfen's objections to the scope, burden, reasonableness of the Subpoenas directed to him, a non-party, have not yet been determined. Further, the undersigned urges that these and other important discovery issues as set forth below are properly addressed before any deposition of Charfen occurs, if at all.

## SUMMARY OF RELIEF SOUGHT AND APPLICABLE GROUNDS

Non-party Charfen urges this Court to quash ARX's unilaterally issued Subpoena to take Charfen's deposition. Charfen seeks this relief on the grounds that:

(1)    Plaintiff ARX failed to communicate or coordinate in advance with non-party Charfen concerning the deposition.

(2)    The unilaterally set deposition presents a conflict for Charfen's counsel.

(3)    The Court has restricted discovery in this matter at this juncture solely to jurisdictional discovery, and such jurisdictional discovery is available to ARX through Defendants–parties to this lawsuit–without the need to subject non-party Charfen to unreasonable and undue burden and unnecessary expense.

(4)     ARX has, to Charfen's knowledge, not taken, not requested, and not noticed the depositions of any parties to the lawsuit[1]–all appropriate, available, reasonable, and far less burdensome sources to obtain essential jurisdictional discovery–as opposed to burdening non-party Charfen.

---

[1] The Huskins Defendants' attorney advised the undersigned this afternoon that today, ARX, for the first time, requested a deposition of one of the Huskins Defendants for the end of May.

(5)      Non-party Charfen has served objections to a separate document subpoena ARX previously served on him (Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action) ("Documents Subpoena"). Non-party Charfen's objections to the Documents Subpoena should be resolved before non-party Charfen is required to give his deposition in this lawsuit, if ever.

(6)      The parties to the lawsuit have been unable to reach agreement on a proposed Protective Order to govern the allowable jurisdictional discovery. ARX has refused to utilize the form Western District of Texas Protective Order. This Protective Order, once entered, would potentially impact the scope of and protocols for non-party Charfen's deposition if it is ever allowed to occur.

For the foregoing reasons, as addressed further below, the Court should properly quash ARX's unilaterally noticed deposition of non-party Charfen and should award Charfen his attorneys' fees to file and pursue this Motion. Alternatively, under the circumstances presented, the Court should stay non-party Charfen's deposition until after the determination and adjudication of the pending discovery issues and should award non-party Charfen his attorneys' fees to file and pursue this Motion.

## BACKGROUND

Alex Charfen, a Travis County resident, is not a party to this lawsuit. In this lawsuit, ARX alleges that Defendants, among other things, are infringing its copyrights and engaging in unfair competition regarding certain exercise equipment.[2] Most of the Defendants are foreign. Three of them (Outstrip Equipment, LLC, Round to Fit, LLC, and Ariel Huskins (the "Huskins Defendants")) filed, under Rule 12(b)(2), FRCP, a Motion to Dismiss this lawsuit for lack of

---

[2] *See* Dkt. No. 29, Plaintiff's First Amended Complaint.

personal jurisdiction.[3] In response, ARX filed a Motion to conduct "limited jurisdictional discovery" to attempt to establish the Huskins Defendants' requisite contacts with Texas.[4] On March 19, 2019, this Court ordered that, "the parties may conduct any discovery authorized by the [FRCP] …, subject to the condition that such discovery shall be limited to the issue of determining the Court's specific personal jurisdiction over the Huskins Defendants."[5]

In response to the Court's Order, ARX served "Jurisdictional Interrogatories" and "Jurisdictional Requests for Production" on each of the Huskins Defendants, which the undersigned is informed totals over 600 written discovery requests. ARX additionally issued the Documents Subpoena to non-party Charfen, and at ARX's request, Charfen's then sole counsel, Elizabeth Morgan and Brock Bales of Elizabeth Morgan & Associates ("Morgan"), accepted service of the Document Subpoena on April 4, 2019. (*See* Exhibits A and B). Shortly thereafter, on April 12, 2019, the Huskins Defendants filed a Motion to Quash ARX's Documents Subpoena issued to Charfen.[6] Morgan separately expressed to ARX concerns regarding the Documents Subpoena by correspondence to ARX's counsel on April 15 and April 18, 2019, in which Charfen's counsel raised specific objections to the Documents Subpoena, including that the requests are overbroad and unduly burdensome. (*See* Exhibit C, including ARX's intervening response).

Then, 31 days after the Court's Order, and after Charfen served objections to the Documents Subpoena, ARX issued the Deposition Subpoena to non-party Charfen, unilaterally scheduling the deposition for May 3, 2019, in Austin, without consulting Morgan, non-party

---

[3] *See id.* No. 37.
[4] *See id.* No. 44.
[5] *Id.* No. 62 at p. 5.
[6] *See* Dkt. No. 71

Charfen, Defendants or Defendants' counsel. (*See* Exhibit "D"). On April 22, 2019[7], Plaintiff ARX served on non-party Charfen the Deposition Subpoena unilaterally scheduled for May 3, 2019, nine business days thereafter. ARX did not discuss or clear this date with Morgan. ARX refused to communicate with Morgan in this regard–even though ARX was aware that Morgan was representing non-party Charfen.

Subsequently, on April 26, 2019, Charfen retained Enoch Kever PLLC, to represent him in connection with the Deposition Subpoena and Documents Subpoena. On April 26, 2019, the undersigned communicated to ARX concerns about and objections to proceeding forward at this juncture with document production or deposition by non-party Charfen, under the Documents Subpoena and Deposition Subpoena issued to non-party Charfen. (*See* Exhibit E). ARX rebuffed the concerns raised and directed Charfen to proceed to file a Motion for Protective Order. (*See* Exhibit F).

With this backdrop, non-party Charfen files this Motion to Quash concerning the Deposition Subpoena.

## APPLICABLE LAW

Discovery from a non-party is governed by FRCP 45 ("Rule 45"). Rule 45 mandates strict compliance with its requirements, including that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1). The Court must enforce this duty and impose an appropriate sanction—which may include reasonable attorney's fees—on a party or attorney who fails to comply." *See id.*

---

[7] Charfen's then sole counsel, Morgan, agreed, at ARX's request, to accept service of the Deposition Subpoena on April 22, 2019.

Non-Party Alex Charfen's Motion to Quash Deposition Subpoena                                    5

To avoid undue burden, this Court "must" limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or it is obtainable from other, more convenient, less burdensome, or less expensive sources; (2) the party seeking discovery has ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *See* FRCP 26(b)(1), (2)(C). "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum*, 392 F.3d 812, 818 (5th Cir. 2004). Also, "[n]on-party status is a significant factor to be considered in determining whether the burden imposed by the subpoena is undue." *Realtime Data, LLC v. MetroPCS Tex., LLC*, No. 12-cv-1048, 2012 WL 1905080, at *2 (S.D. Cal. May 25, 2012); *see also Keller v. Cox Radio, Inc.*, No. SA-08-CA-00284-OLG, 2009 WL 10700193, at *2 (W.D. Tex. Apr. 6, 2009) "A non-party is additionally entitled to consideration regarding expense and inconvenience." *In re Matter of Subpoenas Served on Collins*, A-14-CV-934-LY, 2014 WL 12586370, at *2 (W.D. Tex. Nov. 7, 2014).

## ARGUMENT

ARX, in derogation of Rule 45, has failed to take reasonable steps to avoid imposing undue burden or expense on non-party Charfen. The Deposition Subpoena is unreasonable and subjects non-party Charfen to unnecessary burden.

**A.    The Deposition Subpoena is not properly limited.**

As an initial matter, ARX fails to specify in the Deposition Subpoena that it plans to depose Charfen on particular matters, specifically confined to jurisdictional discovery concerning the Huskins Defendants. The Deposition Subpoena is not expressly limited. (*See* Exhibit D). Moreover, the separate non-party Documents Subpoena is also being challenged by Charfen, and those challenges have not yet been resolved. Given that ARX potentially seeks to

depose Charfen on documents or issues enveloped in requests under the Documents Subpoena, Charfen incorporates his objections to the Documents Subpoena accordingly. Allowing Charfen to be deposed at this stage on topics or documents that may ultimately be quashed would be unreasonable and oppressive. Further, as to any document request that the Court may quash, Charfen's testimony on the same would be unwarranted and unlikely to lead to the discovery of admissible evidence on "specific personal jurisdiction over the Huskins Defendants." Additionally, the burden and expense on Charfen to testify at this juncture beyond the scope of what is relevant to this limited jurisdictional issue outweighs its likely benefit. Moreover, non-party Charfen should not be allowed to be deposed at this fluid stage without clarity or confinement to jurisdictional issues; designation of proper jurisdictional topics to be covered; determining what Documents, if any, are to be produced by him under the Documents Subpoena or by the Huskins Defendants in response to the 600-plus written discovery requests; the entry of a Protective Order; and first ascertaining whether the limited jurisdictional discovery can be properly accomplished through the parties to the lawsuit. (*See infra*). A deposition of non-party Charfen at this juncture would be unreasonable, unwarranted, and untenable. At a minimum, it would create the risk of Charfen, a non-party, to being subjected to more than one deposition. It is unreasonable and unduly burdensome for non-party Charfen to potentially being deposed more than once now–and again after various discovery issues are resolved. For these reasons, Charfen respectfully urges the Court to quash the Deposition Subpoena. *See Wiwa*, 392 F.3d at 818; FRCP 45(d)(1), (3).

**B.      Appropriate jurisdictional discovery can be obtained through more convenient, less burdensome sources than through non-party Charfen.**

The Deposition Subpoena also violates FRCP 26(b) by placing undue burden on non-party Charfen. The sole issue on which ARX is authorized to pursue discovery is whether the

Huskins Defendants have the requisite contacts with Texas to establish specific personal jurisdiction over them.[8]  To the undersigned's knowledge, information, and belief, ARX has not obtained–and has made no attempt to obtain–depositions of any of the Huskins Defendants on this jurisdictional issue in response to the Court's Order.  Further, ARX has served in excess of 600 written discovery requests on the Huskins Defendants–purportedly to obtain personal jurisdictional information and documents. Responses have not been provided (and the scope and propriety of this discovery are potentially in issue).  Notably, if proper responsive jurisdictional-based documents and discovery responses are produced by and depositions are obtained from the Huskins Defendants, ARX ostensibly would not have any need or justification to depose Charfen, a non-party.

In its motion requesting jurisdictional discovery, ARX asserts that Charfen, on social media, made "negative comments about ARX machines compared to Outstrip machines" and asserts that it was Defendant Outstrip – not non-party Charfen – that placed these videos on Outstrip's website.[9] ARX also complains that "the Huskins Defendants attempt to distance themselves from Mr. Charfen by claiming he is just 'a friend.' … But the Second Motion [to dismiss for lack of personal jurisdiction] fails to address that Mr. Charfen's video is present on the Outstrip site…."[10] In its Order, this Court observed that, "ARX alleges that Outstrip sold its first machines to an Austin, Texas resident, Alex Charfen, and asked Charfen to promote Outstrip products at Austin events and through his Austin business."[11]

Given this backdrop, ARX can obtain from Outstrip, a party to this action, discovery about all of these allegations it asserts as grounds to establish jurisdictional discovery.

---

[8] *See* Dkt. No. 62.
[9] *See id.* No. 44 at p. 3.
[10] *Id.* at p. 4.
[11] *Id.* at No. 62, p. 4.

Defendant Outstrip presents a logical, reasonable, and appropriate jurisdictional discovery target for Plaintiff ARX–as distinguished from non-party Charfen.  Additionally, ARX should be able to obtain from the other Huskins Defendants the allegedly desired evidence about their contacts with Texas, rather than seeking to obtain that evidence from Charfen, a non-party.

Non-parties should not be subjected to the expense and inconvenience of discovery that can be obtained from parties. *See Bagwell v. Rival Consumer Sales Corp.*, No. EP-06-CA-117-FM, 2006 WL 2883137, at *3 (W.D. Tex. Sept. 19, 2006) Rather, under these circumstances, ARX's attempt to depose non-party Charfen (and concomitant subpoena of documents from him) constitutes an unreasonable fishing expedition.  *See id.* Charfen accordingly urges this Court to quash the Deposition Subpoena because ARX can obtain evidence related to the "limited … issue of determining the Court's specific personal jurisdiction over the Huskins Defendants" through more convenient, less burdensome sources – the Huskins Defendants themselves. *See id*.; FED. R. CIV. P. 26(b)(1), (2)(c).

## C.     Request for Attorneys' Fees

Rule 45 requires "[a] party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

As illustrated above, ARX failed to take any reasonable steps to avoid imposing undue burden or expense on non-party Charfen. ARX served Charfen on April 22nd with a Deposition Subpoena for May 3rd–without conferring about a convenient date – after Charfen objected to the ARX Documents Subpoena previously served on non-party Charfen. The undersigned

contacted ARX's counsel to express objections to the Deposition Subpoena under the circumstances because the unilaterally scheduled date and time were inconvenient; because of the unresolved (at the time) status of the objections to the Documents Subpoena; because of the unresolved status of the Huskins Defendants' Motion to Quash the Charfen Documents Subpoena; because of the unresolved status of the 600-plus written discovery requests to the Huskins Defendants; and because of the unresolved status of the essential Protective Order. (*See* Exhibit E). Rather than attempt any resolution, ARX responded by informing Charfen to "seek a protective order for the deposition, which we will oppose…." (*See* Exhibit F). Accordingly, non-party Charfen should be awarded attorneys' fees and costs incurred in being forced to file and address this Motion. Charfen, as warranted, will supplement this Motion with additional evidence of reasonable attorney's fees and costs incurred in connection with this Motion.

## REQUESTED RELIEF

Non-party Alex Charfen respectfully urges the Court to grant his Motion to Quash the Deposition Subpoena. Alternatively, non-party Alex Charfen respectfully urges the Court to stay his non-party deposition pending: the resolution of his objections to the Documents Subpoena; the determination of the scope of jurisdictional discovery allowable, if any, from non-party Charfen; the entry of a governing Protective Order; the disposition of relief sought, if any, with respect to the written discovery requests served on the Huskins Defendants; and a determination whether the jurisdictional discovery by Plaintiff ARX seeks as to non-party Charfen can be properly procured from other sources. Further, Alex Charfen seeks the recovery of his attorneys' fees and expenses incurred in connection with this Motion and such other and further relief to which he may be entitled.

Respectfully submitted,


By: /s/ Gary E. Zausmer

Gary E. Zausmer (SBN 22251350)
gzausmer@enochkever.com
Shelby O'Brien (SBN 24037203)
sobrien@enochkever.com
Paula K. Lear (SBN 00798308)
plear@enochkever.com
**ENOCH KEVER PLLC**
5918 W. Courtyard Drive, Suite 500
Austin, Texas 78730
512.615.1200 / 512.615.1198 (fax)


**ATTORNEYS FOR NON-PARTY**
**ALEX CHARFEN**


## CERTIFICATE OF CONFERENCE

I certify that on April 26, 2019, I conferred with ARX's counsel by email regarding Alex Charfen's opposition and objections to the Deposition Subpoena. ARX's counsel refused to agree to the relief requested concerning Alex Charfen's deposition and suggested that Mr. Charfen file a Motion for Protective Order, which ARX's counsel stated would be opposed. Please also see the Preliminary Advisory above.


/s/ Gary E. Zausmer
Gary E. Zausmer

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019 a true and correct copy of this document has been served on all counsel of record by the Court's CM/ECF system.

*/s/ Gary E. Zausmer*
Gary E. Zausmer