| | | |
|---|---|---|
| ARX FIT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OUTSTRIP EQUIPMENT, LLC; CRAZY | § | 1:18-CV-848-RP |
| TRAIN, LLC; ROUND TO FIT, LLC; | § | |
| RANDY RINDFLEISCH; and ARIEL | § | |
| HUSKINS; | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Outstrip Equipment, LLC's ("Outstrip") motion to dismiss

Crossclaimant Crazy Train, LLC's ("Crazy Train") crossclaim against it. (Dkt. 64). Outstrip believes

that this Court lacks personal jurisdiction over Crazy Train's crossclaim and that venue is improper

in this district; it seeks dismissal on both grounds. (*Id.* at 4). Having considered the motion, the

parties' responsive briefing, the evidence, and the relevant law, the Court will grant the motion.

### I. BACKGROUND

Outstrip is an Indiana company that makes and sells adaptive-resistance exercise equipment.

(Am. Compl., Dkt. 29, at 1, 5). Plaintiff ARX Fit, LLC ("ARX") is an Austin company that makes

and sells the same kind of exercise equipment. (*Id.* at 2). Randy Rindfleisch ("Rindfleisch") is a

resident of Wisconsin who invented two patents for exercise equipment, which he assigned to his

company Crazy Train, LLC ("Crazy Train"). (*Id.* at 2, 5).[1]

Rindfleisch helped found ARX and remained a part-owner of the company until 2016. (*Id.* at

2, 5). After he left, ARX licensed his patents for about six months, at which point it decided that its

exercise machines did not infringe the patents and terminated the two patent licenses. (*Id.* at 5–6).

Rindfleisch then founded Outstrip with Defendant Ariel Huskins ("Huskins")—who formerly

---

[1] Crazy train is a Texas limited liability company headquartered in Wisconsin. (Cross-cl., Dkt. 57, at 1).

leased exercise machines from ARX—to start making competing exercise machines. (*Id.* at 6–8). After Outstrip sold or leased a pair of machines to Austin customers, (*id.*), ARX filed the instant action against Rindfleisch, Huskins, Outstrip, and Crazy Train, asking the Court to declare that its exercise machines do not infringe Rindfleisch's patents and asserting claims against each defendant for infringing its software copyrights and tortuously interfering with its business. (*Id.* at 16–21).

In response, Crazy Train filed a counterclaim against ARX for infringing Rindfleisch's patents. (Ans., Dkt. 38, at 15). It also filed a crossclaim against Outstrip for infringing the same two patents. (Cross-cl., Dkt. 57). Outstrip moved to dismiss for lack of personal jurisdiction and improper venue, which the Court now considers. (Mot., Dkt. 64).

## II. DISCUSSION

Outstrip argues that venue is improper here under 28 U.S.C. § 1400(b) and that Crazy Train has made no allegations to support personal jurisdiction. (Mot., Dkt. 64, at 5–9). Crazy Train's principal response is that venue and personal jurisdiction are established because its claim against Outstrip is properly asserted as a crossclaim in this action under Federal Rule of Civil Procedure 13(g). (Resp., Dkt. 76, at 3–5). The Court will consider that argument first, as Outstrip does not contest the Court's jurisdiction over ARX's claims against it, (Dkt. 93), and federal courts have ancillary jurisdiction over crossclaims properly asserted under Rule 13(g). *Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970).

But to full under Rule 13(g), a crossclaim must "arise[ ] out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim." Fed. R. Civ. P. 13(g). In determining whether a crossclaim "arises out of" a transaction or occurrence, courts in this circuit use the same "logical relation" test used for compulsory counterclaims under Rule 13(a)(1). *See Melancon v. Town of Sorrento*, CIV.A. 13-746-JWD, 2015 WL 410866, at *3 (M.D. La. Jan. 29, 2015) (citing *Revere Copper*, 426 F.2d at 714–15). That test is:

> a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits. A logical relationship exists when the [cross]claim arises from the same 'aggregate of operative facts' in that the same operative facts serve as

the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.

*Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014).

Crazy Train argues that its crossclaim arises from the same operative facts as ARX's claims because each arises out of "the sale by Outstrip Equipment of Solus exercise machines." (Resp., Dkt. 64, at 3). Specifically, both Crazy Train's patent-infringement crossclaim and ARX's copyright-infringement claim rely in part on the allegation that Outstrip sold an infringing exercise machine. (*Id.* at 3–4; *see also* Am. Compl., Dkt. 29, at 101–02 (alleging that the "infringing software is being used in Outstrip's Solus machines" and that the "sale of ARX's copyrighted software" constitutes copyright infringement)). Outstrip responds that the crossclaim has nothing to do with any of ARX's claims, and that it is simply a licensing-agreement dispute between an Indiana company and a shareholder who lives in Wisconsin. (Mot., Dkt. 64, at 9).

The truth lies somewhere in between. Crazy Train's crossclaim is not a totally unrelated licensing-agreement dispute, since it shares one common factual allegation with ARX's claims: for each claim, the party seeking relief may need to prove that Outstrip sold an infringing exercise machine. On the other hand, that lone common fact is a slender reed on which to find commonality—too slender, indeed, to find that that "the same operative facts serve as the basis of both claims." *Nat'l Liab. & Fire Ins. Co.*, 756 F.3d at 835. ARX's patent infringement claims, for example, will require a comparison of ARX's exercise machines with Crazy Train's patents, while the crossclaim will compare those patents with a different exercise machine sold by Outstrip. ARX's tortious-interference claim will turn on what each defendant to this action has told ARX's prospective customers, which has nothing to do with Crazy Train's crossclaim. ARX's breach-of-contract claim will depend on the terms of its lease to Huskins and her conduct, which also has nothing to do with the crossclaim. Only one claim—ARX's copyright infringement claim—has anything to do with the crossclaim, which is limited to the single allegation that Outstrip sold a machine to an Austin customer. But that claim is otherwise unrelated to the crossclaim, as it will

turn on the comparison between the software ARX developed for its exercise machines and the software Outstrip uses in its own machines.[2] As "loose" a standard as the logical relation test may be, a single common fact is not the same thing as an "aggregate of operative facts" that "serve as the basis of both claims." *Nat'l Liab. & Fire Ins. Co.*, 756 F.3d at 835. Crazy Train's claim against Outstrip is not properly appended to this action by way of Rule 13(g). If the Court is to have jurisdiction and venue over this claim, it must rest on a basis independent of ARX's claims.

Turning to that question, the Court concludes that this action must be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). Because Crazy Train's claim against Outstrip is a cause of action for patent infringement, venue is governed by 28 U.S.C. § 1400(b), "the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (cleaned up).[3] Section 1400(b) provides that an action for patent infringement may be brought in either (a) "the judicial district where the defendant resides," or (b) the district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As the party asserting the infringement claim, Crazy Train has the burden to establish proper venue under one of Section 1400(b)'s two prongs. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Crazy Train cannot meet its burden to establish venue in this district under either prong. Venue is improper in this district under the first prong because a defendant "resides" in its state of incorporation for purposes of Section 1400(b), *TC Heartland*, 137 S. Ct. at 1520, and Outstrip is a limited liability company incorporated in Indiana, (Cross-cl., Dkt. 57, at 1). As for the second prong, Crazy Train must establish that Outstrip has a "regular and established place of business" in the judicial district where the action is brought. 28 U.S.C. § 1400(b). To meet this standard, there are

---

[2] Given that ARX alleges that Outstrip infringed its copyrights simply by *copying* its software—not necessarily by selling that copyrighted software—it is not clear that ARX need even prove the lone allegation that is common to its claims and the crossclaim. (*See* Am. Compl., Dkt. 29, at 18).

[3] Federal Circuit law, rather than regional circuit law, governs the interpretation and application of Section 1400(b). In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017).

three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360. This standard "requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *Id.* at 1361. Outstrip avers that it has "no physical facilities, corporate offices, or real property" that might subject it to venue in this district, (Mot., Dkt. 64, at 7), and Crazy Train has introduced no allegations or evidence to the contrary, (*see* Resp., Dkt. 76, at 1–3). Instead, Crazy Train argues only that Section 1400(b) does not apply to crossclaims. (*Id.*). But because the Court has already found that Crazy Train's claim against Outstrip is not a proper crossclaim under Rule 13(g), Crazy Train's argument is moot even if correct. Accordingly, Crazy Train has failed to meet its burden to establish that venue is proper in this district, and its claim against Outstrip must be dismissed pursuant to Rule 12(b)(3).

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Outstrip's motion to dismiss, (Dkt. 64), is **GRANTED**. Crazy Train's crossclaim against Outstrip, (Dkt. 57), is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(3).

Relatedly, **IT IS FURTHER OREDERED** that Crazy Train's Motion for Preliminary Injunction against Outstrip, (Dkt. 58), is **DENIED AS MOOT**, as it seeks relief based on Crazy Train's crossclaim against Outstrip.

**SIGNED** on July 12, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE